IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**EARL WESLEY BERRY**                                                         **PETITIONER**

**v.**                                                       **NO.: 1:04CV328-D-D**

**CHRISTOPHER EPPS, ET AL.**                                         **RESPONDENTS**

## MEMORANDUM OPINION

Petitioner was convicted of capital murder sentenced to death for the November 29, 1987, murder of Gena Watson. After his direct appeal and state post-conviction remedies failed to provide Petitioner with relief, he petitioned this Court seeking a writ of habeas corpus, which was denied by this Court. *Berry v. Epps*, No. 1:04CV328-D-D (N.D. Miss. Oct. 4, 2006). Petitioner now seeks a Certificate of Appealability ("COA") pursuant to 28 U.S.C. § 2253(c) and Federal Rule of Appellate Procedure 22(b) from the denial of several claims raised in his amended petition. Petitioner seeks a COA regarding (1) the admission of his confession at trial; (2) the denial of his motion to change venue at trial; (3) the performance of trial counsel at re-sentencing; (4) prosecutorial misconduct; and (5) the admission of photograph and videotape evidence at re-sentencing. Petitioner also asserts this Court should have considered his defense against the imposition of any procedural default with regard to claims raised in his habeas petition.

In order for Petitioner to take an appeal from his federal habeas proceeding, a COA must issue. *See* Title 28 U.S.C. § 2253(c)(1)(A). Petitioner is entitled to a COA upon "a substantial showing of the denial of a constitutional right," which may be made by demonstrating the application involves claims that are debatable among jurists of reason, or that the claims are valid

to deserve encouragement in further proceedings. *See Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 1039, 154 L.Ed.2d 931 (2003). Claims that were rejected on the merits require Petitioner to "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). If the claim has been rejected on procedural grounds, Petitioner must demonstrate "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. The inquiry made by this Court is limited to the underlying merits of Petitioner's claims after generally assessing the merits. *See Miller-El*, 537 U.S. at 336, 123 S.Ct. at 1039. "The question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Id.* at 342, 1042.

Doubts regarding whether a COA should be granted are resolved in favor of Petitioner, with the Court taking into consideration Petitioner has been sentenced to death. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000), *cert denied*, 531 U.S. 849, 121 S.Ct. 122, 148 L.Ed.2d 77 (2000); *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000) (court resolves doubts in favor of petitioner in death penalty cases).

This Court did not choose to address, *sua sponte*, the matter of a COA in determining the merits of Petitioner's federal habeas petition, though the Court's decision regarding the instant application is based upon the reasons set forth in that opinion. *See Berry v. Epps*, No. 1:04CV328-D-D (N.D. Miss. Oct. 4, 2006). The Court will not here recite its opinion denying Petitioner federal habeas relief but will instead address each of Petitioner's claims in his COA application to the extent necessary to clarify the decision reached today. The Court now turns to Petitioner's claims in support of his application.

I. The *Grayson* Memo[1]

Petitioner purported to attach, as an exhibit to his petition, a memorandum filed in *Grayson v. Epps*, 1:04CV708-B, Southern District of Mississippi, ("*Grayson* Memo") in support of his argument that no procedural default should be asserted against any of his claims due to the ineffective post-conviction review process or the absence of any meaningful corrective process in the State of Mississippi for death-row inmates. This Court determined the argument waived and did not consider the memorandum in consideration of Petitioner's claims. *Berry v. Epps*, No. 1:04CV328-D-D at 10-11. In his COA application, Petitioner argues it was improper for this Court to reject consideration of this defense against the imposition of any procedural bar due to "technological error," as it is the Court's duty to review attached exhibits in consideration of his claims. (Pet. COA Mot. 4-5).

In his federal habeas petition, Petitioner made the following argument:

> [D]ue to the improper actions of the State Courts, the State Legislature and the State Prosecutors, the actual State post-conviction review process was ineffective to protect the rights of death sentenced inmates in the State of Mississippi. (See "Reply to Respondent's Overall Assertions That Grounds C, D, and E of the Petition for Writ of Habeas Corpus Are Unexhausted and Procedurally Defaulted", filed in *Grayson v. Epps*, 1:04 CV 708-B, Southern District of Mississippi, Sou[th] Exhibit A). Thus, there was "an absence of available State corrective process", 28 U.S.C. 2254(b)(1)(B)(i), or "circumstances existe[ed] that render[ed] [the State court corrective] process ineffective to protect the rights of the applicant", 28 U.S.C. 2254(b)(1)(B)(ii), that would now allow for federal review.

(Pet. 40, 60, 68-69, 99-100, 124). Petitioner cited substantially the same passage in the conclusion portion of his petition. (Pet. 133).

---

[1] The Court notes this is not a "claim" of the violation of a constitutional right, but as whether Petitioner could use this argument as a means of establishing cause to overcome a procedural default on claims concerning a constitutional right, the Court will address Petitioner's argument.

This Court did not refuse to consider Petitioner's claim on the basis of technological error.[2] In determining the argument waived, the Court found "Petitioner repeatedly directs the Court to the *Grayson* Memo in a blanket manner, offering no argument in support thereof, without citing any portion of it in the body of the petition or supporting memorandum, and without offering any explanation of how it is relevant to his case." *Berry v. Epps*, No. 1:04CV328-D-D at 10. The Court fully considered the exhibits attached to the petition. However, Petitioner merely pointed the Court to a memorandum filed in another case and made no attempts to demonstrate how this document supported a finding that *his* constitutional rights were violated. As demonstrated from this Court's recitation of the totality of Petitioner's argument on the *Grayson* Memo, Petitioner merely made an assertion unsubstantiated by facts or the record. *See* Rule 2 of "Rules Governing Section 2254 Cases in the United States District Courts" (requiring petitioner to specify grounds and plead facts in support of claims). Thus, Petitioner fails to persuade a COA should issue based on the Court's rejection of this argument.

## II. The Confession

Petitioner asserts that, due to the conflicting testimony of the State's witnesses and Petitioner regarding whether he was afforded his rights under *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), a different conclusion could be reached in resolving the issue of whether Petitioner's confession was valid. (Pet. COA Mot. 6). Petitioner's application turns on the fact that this Court noted the conflicting testimony at trial between Petitioner and law enforcement witnesses regarding events surrounding the confession. As federal habeas relief

---

[2] Although not essential to the disposition of this matter, the Court notes that Exhibit A to Petitioner's Amended Petition for Writ of Habeas Corpus is "Petition for Post-Conviction Relief" and related exhibits filed in *Grayson v. Epps*, 1:04 CV 708-B, Southern District of Mississippi, Southern Division.

does not turn upon the review of credibility determinations, which is the province of the jury, this issue is not debatable nor deserving of further encouragement. *See*, *e.g.*, *United States v. Bailey*, 444 U.S. 394, 414-15, 100 S.Ct. 624, 637, 62 L.Ed.2d 575 (1980) ("The Anglo-Saxon tradition of criminal justice, embodied in the United States Constitution and in federal statutes, makes jurors the judges of the credibility of testimony offered by witnesses. It is for them, generally, and not for appellate courts, to say that a particular witness spoke the truth or fabricated a cock-and-bull story."); *United States v. Cathey*, 259 F.3d 365, 368 (5th Cir. 2001).

### III. Denial of Motion to Change Venue

Petitioner asserts that no court to review his claim regarding the denial of his trial motion to change venue has "fully considered the preconceived notions and the effect that talking about them had on the other venire members" in his assertion that the comments of venire members influenced the jury; therefore, this Court's rejection of this claim might be decided differently by the Circuit Court. (Pet. COA Mot. 7). As Petitioner has failed to demonstrate an inflamed community atmosphere surrounding the trial, and he has not identified a single juror biased as a result of community awareness of the crime, this Court does not find its decision on this issue debatable among jurists of reason or deserving of further encouragement. *See*, *e.g.*, *Busby v. Dretke*, 359 F.3d 708, 725-26 (5th Cir. 2004); *Mayola v. Alabama*, 623 F.2d 992, 996 (5th Cir. 1980).

### IV. Performance of Counsel at Re-Sentencing

All of Petitioner's ineffective assistance of counsel claims were determined to be without merit by this Court, as none of Petitioner's claims established deficient performance by counsel that prejudiced him. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In the instant application, Petitioner argues that the trial court's reference to

him as an "habitual offender" was irrelevant and prejudicial, that no meaningful review of the prosecutor's stomping on the floor during closing argument was conducted, and that the combination of ineffective assistance claims deprived him of a fair trial. (Pet. COA Mot. 8).

First, Petitioner's counsel twice objected and was overruled regarding the trial court's reference to Petitioner as an "habitual offender," and this Court determined that counsel's failure to continue objecting in light of the trial court's ruling could not be construed as ineffective assistance of counsel. *Berry v. Epps*, No. 1:04CV328-D-D at 36. Next, Petitioner's trial counsel did object to the prosecutor stomping on the floor during closing argument. In his habeas petition, Petitioner argued trial counsel was ignored by the judge and failed to get a clear ruling. This Court determined counsel's decisions regarding whether to press the objection fell within the province of trial strategy and noted it was not unlikely that counsel wanted to avoid drawing any further attention to the acts of the prosecutor by continuing to argue the point regarding the brief display. *Id.* at 40. Finally, the possibility of cumulative error such that Petitioner was denied effective assistance of counsel was addressed by this Court and found to be without merit, as no single claim was found to have merit. *Id.* at 43.

As Petitioner's counsel lodged objections to both the "habitual offender" statements and prosecutorial argument, and due to the absence of merit with regard to a cumulative claim, this Court is persuaded Petitioner has failed to demonstrate he is entitled to a COA based on allegations of counsel's ineffectiveness at re-sentencing.

V. Prosecutorial Misconduct

Petitioner next asserts this Court failed to address "prosecutorial vindictiveness" in its analysis of the Prosecutorial Misconduct claim, an issue he alleges is reasonably debatable and deserving of encouragement to proceed further since it has not been addressed. (Pet. COA Mot.

9). In his federal habeas petition, Petitioner asserted that the prosecutor's refusal to offer a plea bargain at re-sentencing, though one was offered in the original trial and rejected by Petitioner, was proof of prosecutorial vindictiveness. The Court's opinion clearly recognized Petitioner's claim of vindictiveness but determined that it was the fairness of the trial, and not the actions or mind-set of the prosecutor, which determined whether Petitioner was entitled to relief on this issue. *Berry v. Epps*, No. 1:04CV328-D-D at 54-55. Whether to seek a death sentence is a matter of prosecutorial discretion, and there is no constitutional right to a plea bargain. *See*, *e.g.*, *Bordenkircher v. Hayes*, 434 U.S. 357, 364, 98 S.Ct. 663, 668-69, 54 L.Ed.2d 604 (1978); *Weatherford v. Bursey*, 429 U.S. 545, 561, 97 S.Ct. 837, 846, 51 L.Ed.2d 30 (1977). In the absence of any proof that prosecutor sought the death penalty based on an impermissible classification, the Court is persuaded reasonable jurists would not debate its finding that Petitioner was not denied a fundamentally fair trial by the prosecutor's unwillingness to offer Petitioner a plea bargain.

## VI. Introduction of Evidence at Re-Sentencing

Petitioner asserts that this Court's denial of his claim that the use of photographs and videotape of the crime scene during trial is an issue deserving of further encouragement, as it was "unconscionable" for this Court to deny Petitioner relief based on his inability to produce copies of the evidence for the Court's review, particularly when the Mississippi Supreme Court acknowledged the use of the photographs and video was for the purpose of inflaming the jury. (Pet. COA Mot. 9-10). This Court did not deny Petitioner relief for failing to produce copies of photographs used at trial. Rather, relief was denied as Petitioner failed to demonstrate he was denied a fundamentally fair trial by the introduction of the evidence. *Berry v. Epps*, No.1:04CV328-D-D at 57-58. This Court determined that the record established the photographs

were used in a relevant, explanatory manner during witness examination, and substantial evidence existed for the properly instructed jury to reach the decision to return a death sentence. *Id.* Evidentiary rulings of a trial court are not cognizable on federal habeas review unless it is demonstrated that an unfair trial has resulted from the introduction of the evidence, and Petitioner failed to demonstrate he was denied a fair trial due to the introduction of the photograph and videotape evidence. *See*, *e.g.*, *Cupit v. Whitley*, 28 F.3d 532, 536 (5th Cir. 1994). This Court is persuaded reasonable jurists would not debate this conclusion nor the determination that this issue is not deserving of further encouragement.

In the instant case, Petitioner has not made the showing necessary for issuance of a Certificate of Appealability, as he has failed to make a substantial showing of the denial of any constitutional right. Therefore, Petitioner's Motion is not well-taken and the same is denied. A separate order in accordance with this opinion shall issue today.

**THIS** the 2nd day of November, 2006.

/s/ Glen H. Davidson
**CHIEF JUDGE**